**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 4 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO SMITH PARRA, | No. 14-15720 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00913-LRH-WGC |
| v. | |
| E. K. McDANIEL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Nevada state prisoner Julio Smith Parra appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation and

due process violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo, *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Parra's due process claim because Parra failed to raise a genuine dispute of material fact as to whether he experienced an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" that would give rise to a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Contrary to Parra's contention, the district court was not required to address whether there was "some evidence" to support the disciplinary finding.

The district court properly granted summary judgment on Parra's retaliation claim because Parra failed to raise a genuine dispute of material fact as to whether defendant Bryant took an adverse action against Parra in response to Parra's protected conduct. *See id*. at 1269-71 (elements of a retaliation claim in the prison context; "a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

14-15720